[No. 2266. Decided December 8, 1896.]

H. C. MERRIAM, *Appellant*, v. W. M. RIDPATH *et al.*, *Respondents.*

#### RIGHT OF LESSEE TO REMOVE BUILDINGS.

The failure of a tenant to remove buildings, placed upon leased premises within the period of his tenancy, will not work a forfeiture of the right to remove them, when the delay has been caused by the pendency of negotiations between landlord and tenant respecting a renewal of the lease or a purchase of the buildings.

Appeal from Superior Court, Spokane County.— Hon. JAMES Z. MOORE, Judge. Affirmed.

*Willis H. Merriam,* for appellant.
*Blake & Post,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This action was brought by plaintiff and appellant against the respondents to restrain them from removing certain buildings from a portion of block 14, Railroad Addition to Spokane Falls, on the grounds that the respondents forfeited all rights to remove said buildings in not removing them within the terms of their holding. The original lease was made to W. H. Taylor. Under its terms it expired on the 1st day of March, 1892. The respondents held under the assignment of Taylor's lease. There is a claim by the ap-

pellant that the respondents held as sub-lessees rather than as assignees under the Taylor lease. We think that, even if this question had not been precluded by the pleadings, the property was held by the respondents by assignment from the original lessee. 1 Washburn, Real Property (5th ed.), 541.

This question is unimportant under the pleadings in this case, and under the undisputed testimony in the case, for the testimony shows conclusively that the relation of landlord and tenant existed between the parties, and the correspondence and negotiations in evidence show that the respondents were treated by the appellant as assignees of Taylor.

The material portion of the answer of the defendants is to the effect that, before the expiration of said lease, and when they were about to remove the buildings (the original lease having provided that the lessee should have the right to remove the buildings at any time prior to the expiration of the lease), the plaintiff negotiated with them for the purchase of the buildings and agreed with them that in event the negotiations should fail, defendants should not be prejudiced by the delay occasioned by such negotiations, but should have the time extended beyond the terms of the lease, within which to tear down and remove said buildings; that said negotiations commenced long prior to the expiration of the lease and continued up to within a few days before the filing of this suit, when said negotiations failed, and the defendants, unmolested, began to tear the buildings down, when they were stopped by these proceedings: that said buildings would have been torn down and removed within the time fixed by the lease, but for the negotiations pending and the request of the plaintiff and his agreement

to extend the time, and upon the faith of which these defendants relied.

Upon these issues the case went to trial, and much correspondence was introduced upon this point as to whether or not the failure of the defendants to remove the buildings during the term of the lease had been caused by the acts and promises of the plaintiff. The court found in substance that the failure of the defendants to remove the buildings during the life of the lease was caused by negotiations pending between the plaintiff and defendants, and found that some time in the month of February, 1892, said negotiations were still in progress and the defendants were assured by the plaintiff through his agent that no advantage would be taken of them on account of delay in removing the buildings during the pendency of such negotiations. Finding 6 is as follows:

"Sixth. In March, 1892, during which month, according to the then concession of the plaintiff to the defendants, the defendants might have removed the buildings, the plaintiff wrote to Ridpath, who was the then actor for the defendants, that defendants need not be alarmed; that no snap judgment would be taken. This was with reference to the time drawing to a close, when defendants might remove the buildings, as both plaintiff and defendants then construed the lease under which defendants held. But failing to agree upon a lease of the lands or a sale of the buildings, the defendants began the work of removing the buildings and plaintiff immediately sued out this injunction."

The court found that the relation of landlord and tenant existed between the plaintiff and the defendants prior to the expiration of the lease on March 1, 1892, and that their relations after that date were of tenants holding over pending negotiations for renewal of the lease or sale of the buildings, such holding over

being with the consent and approval of the plaintiff.

Finding ninth is as follows:

"Ninth.   But for the pendency of said negotiations and the bringing of this action, defendants would have removed the buildings in controversy within the limits as to the time of their right so to do; that the delay on the part of the defendants to begin the removal of said buildings and their failure to do so up to the present time were occasioned by the acts, representations and conduct of the plaintiff, which acts, representations and conduct were done and made with the purpose on the part of the plaintiff that defendants should act upon the same in the manner they did."

The conclusion of law was

"That plaintiff is not entitled to an injunction nor any other relief in this case, and his complaint should be dismissed."

An investigation of the record in this case, and especially of the correspondence, satisfies us that the findings of the court are justified by the testimony introduced.   Under the pleadings there are no questions of law involved that affect the merits of this case. It becomes a plain question of fact as to whether the failure of the defendants to remove the buildings was the result of the negotiations entered into between the plaintiff and defendants, and of inducements held out by the plaintiff.

Believing that the testimony warrants the conclusion reached by the court, the judgment will be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.